**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALYSSA A. HOLMES                          *

    **Plaintiff**                          *

v.                                        *        **Civil Action No.:  1:20-cv-02864-RBW**

GREYHOUND LINES, INC.                     *

    **Defendant**                          *

*        *        *        *        *        *        *        *        *        *        *        *        *

**JOINT MEET AND CONFER REPORT**

Pursuant to Rule 16.3(d) of the Rules of the United States District Court for the District of Columbia, Plaintiff, Alyssa A. Holmes, ("Plaintiff"), and Defendant, Greyhound Lines, Inc., submit this Joint Meet and Confer Report, along with the Proposed Scheduling Order attached hereto as Exhibit A.

**Brief Statement of the Case**

Plaintiff has filed a Complaint for negligence against Defendant seeking $500,000 in damages for personal injuries she allegedly sustained in a motor vehicle accident on September 8, 2017 at or near 1818 New York Avenue, N.E. in Washington, D.C. Defendant denies liability for the alleged accident.

**Matters Discussed Pursuant to Local Rule 16.3(c)**

The parties' counsel held a teleconference on November 23, 2020, to discuss the following matters set forth in Local Civil Rule 16.3:

1.        Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Plaintiff and  Defendants reserve all rights regarding dispositive motions.**

2.        The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Additional parties shall be joined no later than thirty (30) days after the entry of the Scheduling Order in this matter.  The parties anticipate that certain factual issues may eventually be agreed upon or narrowed and they will work to do so as discovery progresses.**

3.        Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties do not object to the assignment of the case to a Magistrate Judge.**

4.        Whether there is a realistic possibility of settling the case.

**It is still too early for the parties to say whether there is a realistic possibility of settling the case.  The parties will continue to evaluate their respective cases for settlement purposes as discovery proceeds.**

5.        Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties believe ADR would be appropriate in this case after fact discovery and exchange of expert reports.**

6.        Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff reserves the right to move for partial summary judgment at the close of discovery. Defendants believe that discovery may result in motions practice. Defendants reserve the right to move for summary judgment.**

7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties stipulate to dispense with initial disclosures.**

8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests of admissions, and depositions.

**The parties anticipate that discovery will include the exchange of written discovery requests, fact depositions, the exchange of expert reports and expert depositions.  The parties do not anticipate the need for a protective order.   No discovery limits beyond those prescribed by rule or protective orders are necessary.**

**The parties' proposed Scheduling Order is attached hereto as Exhibit A.**

9.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**The parties do not anticipate any issues about disclosure or discovery, including electronic discovery.  The parties agree to producing documents and electronically stored information in had copies or in a searchable pdf format.**

10.      Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.
**The parties do not foresee any issues about claims of privilege or protection as trial preparation materials.**

11.     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**The parties do not believe that the requirements should be modified.  See**

**proposed schedule, attached hereto as Exhibit A.**

12.     In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Not applicable.**

13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**At this time, the parties do not believe that the proceedings or discovery should be**

**bifurcated or managed in phases.**

14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties propose that the Court schedule the pretrial conference at the time of**

**the first Scheduling Conference.**

15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties prefer that the Court set a firm trial date at the first scheduling**

**conference.**

16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**The parties do not believe there are any additional matters that should be included**

**in scheduling order.**

4

Respectfully Submitted,

| *Counsel for Plaintiff* | *Counsel for Greyhound Lines, Inc.* |
|---|---|
| /s/ Alexander A. Bush [1]   _<br>Alexander A. Bush, Esq.<br>Rowe Weinstein & Sohn, PLLC<br>1401 Rockville Pike, Suite 110<br>Rockville, MD 20852<br>abush@rowepllc.com<br><br>/s/ John A. DiNucci_____<br>John A. DiNucci (DC Bar No. 385965)<br>8180 Greensboro Drive<br>Suite 1150<br>McLean, Virginia 22102<br>dinuccilaw@outlook.com | /s/ Jessica J. Ayd                    _<br>Jessica J. Ayd (DC Bar 1013461)<br>Tamara B. Goorevitz (DC Bar 465740)<br>Franklin & Prokopik, P.C.<br>Two North Charles Street, Suite 600<br>Baltimore, MD 21201<br>410-752-8700 (phone)<br>410-752-6868 (fax)<br>jayd@fandpnet.com<br>tgoorevitz@fandpnet.com<br>*Counsel for Defendant Greyhound Lines* |

Dated: December _1_, 2020

---

[1] At present, Mr. Bush is not a member of the bar of the United States District Court for the District of Columbia. Upon information and belief, Mr. Bush's application is pending.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALYSSA A. HOLMES** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil Action No.:  1:20-cv-02864-RBW** |
| **GREYHOUND LINES, INC.** | * | |
| **Defendant** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PROPOSED SCHEDULING ORDER**

AND NOW, on this _____ day of \_\_\_\_\_202\_, it is hereby **ORDERED** that the pretrial

timetable shall be as follows:

| | |
|---|---|
| Commencement of Discovery | December 22, 2020 |
| Deadline to Amend Pleadings/-Join Additional Parties | January 21, 2021 |
| Plaintiffs' Rule 26(a)(2) Expert Disclosures | March 22, 2021 |
| Defendants' Rule 26(a)(2) Expert Disclosures | May 21,2021 |
| End of Discovery | July 20, 2021 |
| Dispositive Motions Due | To be discussed at Initial Status Conference |
| Pretrial Conference | To be discussed at Initial Status Conference |
| Trial | To be discussed at Initial Status Conference |

BY THE COURT:

_____